## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE HART,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-3533** |
| | : | |
| **D.F. OBERLANDER,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                    **AUGUST 19, 2020**

Plaintiff Willie Hart, a prisoner incarcerated at SCI Forest brings this civil action, pursuant to 42 U.S.C. § 1983, against several defendants including: (1) D.F. Oberlander (identified in the Complaint as the "Superintendent Pennsylvania State Prison, Forest"); (2) Det. Peter Marreno; (3) ADA Megan Goddard; (4) Judge Gwendolyn N. Bright; (5) Judge Wendy Pew; (6) ADA Elizbeth Fischer; and (7) the "Attorney for the Commonwealth of Philadelphia County of 11-7-2013-10:15:58 AM False Charges Printed." (ECF No. 1 at 2-3.)[1] Each Defendant is sued in their individual and official capacities. (*Id.* at 2-3.) Hart also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Hart leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

The allegations in Hart's Complaint are brief and are nearly exclusively limited to statutory assertions and case law citations. The Court understands Hart's Complaint to be alleging constitutional claims pursuant to 42 U.S.C. § 1983, specifically averring that Hart's

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Case 2:20-cv-03533-JS   Document 7   Filed 08/19/20   Page 2 of 10

"constitutional rights of freedom from ['illegal arrest, trial, and conviction'] and substantive due process were violated." (*Id.* at 4.)  Hart asserts that he wants "justice," and there is a "constitutional right to be free from bad faith or malicious prosecution." (*Id.*)

A letter dated June 29, 2020 is attached to the Complaint. (*Id.* at 1.)  In the letter, Hart states that he "needs help" with the following: false arrest, malicious prosecution, and a civil rights claim that his "substantive due process rights were violated when [he] was required to register as a violent sexual offender, for an offense not covered by the Sex Offender Registration Act." (*Id.*)  Hart cites to a number of statutes and at least two federal court cases but does not explicitly specify how these cases relate to his claims. (*Id.*)  Hart seeks declaratory relief, and an unspecified amount of monetary relief, stating that he is entitled to nominal, compensatory, and punitive damages. (*Id.* at 2.)

Public dockets from the Court of Common Pleas of Philadelphia County reflect that on October 12, 2013, Hart was arrested by the Philadelphia Police Department on charges of rape, sexual assault, incest, indecent exposure, indecent assault, simple assault, and recklessly endangering another person. *See Commonwealth v. Hart*, Docket No. CP-51-CR-0013669-2013 (Phila. Cty. Court of Common Pleas).  The initial issuing authority was the Honorable Wendy L. Pew. (*Id.*)  On May 19, 2015, following a trial before the Honorable Gwendolyn N. Bright, Hart was convicted of all charges, with the exception of reckless endangerment. (*Id.*)  This conviction has not been vacated or invalidated.[2] (*Id.*)

---

[2] On January 8, 2016, Hart was sentenced to a minimum of twenty-five to a maximum of fifty years imprisonment for the rape conviction, which was to be served consecutively to a five to ten years imprisonment sentence for the incest conviction. *See Commonwealth v. Hart*, Docket No. CP-51-CR-0013669-2013 (Phila. Cty. Court of Common Pleas).  It appears from the state court docket that Hart was resentenced on September 22, 2017, which resulted in his sentence being reduced to nine to eighteen years imprisonment on the rape conviction. (*Id.*)  The sentence for the incest conviction (five to ten years imprisonment) was unchanged and was to be served

## II.    STANDARD OF REVIEW

The Court will grant Hart leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  As Hart is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8,

---

consecutively to the rape conviction.  (*Id.*)  On October 1, 2019, the state court docket notes that the sentence imposed on September 22, 2017 was to stand, except that Hart was determined to be a non-sexually violent predator.  (*Id.*)

[3] However, as Hart is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims).  Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

**A.  Hart's Complaint Fails to State a Claim**

At the outset, the Court notes that Hart's Complaint does not specifically attribute conduct to any individual defendant.  Rather, Hart merely avers that he "needs help" with claims for false arrest, malicious prosecution, and a "violation" of his substantive due process rights for being "required to register as a violent sexual offender, for an offense not covered by the Sex Offender Registration Act."  (ECF No. 1 at 1.)

Even construing Hart's Complaint liberally, the pleading deficiencies make it challenging to screen the Complaint and would make it difficult for a defendant to meaningfully respond to the pleading.  *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each

Defendant's role in the events giving rise to plaintiff's claims).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Hart has made no allegations describing how any specific individuals were personally responsible for any alleged constitutional violations.  In fact, there no specific allegations in the Complaint as to any of the named Defendants.

While Hart has failed to state a plausible claim at this time, the Court is not prepared to find that Hart cannot, if granted the opportunity, state a plausible claim for relief against the appropriate and relevant defendants.  Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Hart will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with the case.  In so doing, however, Hart should be mindful that his Complaint is deficient for other reasons as well.  These deficiencies are noted in the sections that follow.

### B.  False Arrest Claim

To the extent that Hart is asserting claims pursuant to 42 U.S.C. § 1983 for constitutional violations stemming from his arrest on October 12, 2013, any such claims would be time-barred. Pennsylvania's two-year statute of limitations period applies to Hart's § 1983 claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989).  The limitations period governing claims related to searches and

seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam). The limitations period governing claims of false arrest without a warrant accrues at the time litigant became detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.") Pursuant to the prison mailbox rule, Hart's Complaint was considered filed on the date that he delivered it to prison authorities to be mailed to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

The public docket reflects that Hart was arrested on October 12, 2013. *See Commonwealth v. Hart*, Docket No. CP-51-CR-0013669-2013 (Phila. Cty. Court of Common Pleas). The state court docket also reflects that an information was filed on November 8, 2013 holding the charges for court. (*Id.*) Hart dated his Complaint on June 29, 2020. (ECF No. 1 at 2-4.) Because the allegations in the Complaint clearly demonstrate that Hart was aware of the events giving rise to his claims more than two years before he filed this lawsuit (i.e. when the alleged illegal arrest occurred on October 12, 2013 and when charges were formally filed on

November 8, 2013), any claims based on an alleged false arrest would be subject to dismissal with prejudice as time-barred.

### C.  Malicious Prosecution Claim

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

To the extent that Hart claims that he was unconstitutionally convicted of certain offenses and, by extension, unconstitutionally subjected to the requirements of Megan's law, success on his claims would necessarily imply the invalidity of his convictions, which have never been reversed, vacated, or otherwise invalidated.  *See Johnson v. Davis*, Civ. A. No. 98-4380, 1999 WL 58643, at *2 (E.D. Pa. Jan. 28, 1999) ("To award damages to Johnson based on a ruling that the Megan's Law was illegally applied to him would necessarily imply that his underlying assault conviction, which formed the basis for applying Megan's Law to him, was invalid."). Accordingly, any such claims alleged by Hart would not be cognizable.

### D.  Official Capacity Claims

It appears that Hart may intend to sue all of the named Defendants in their official and individual capacities.  (ECF No. 1 at 2-3.)  Official capacity claims are indistinguishable from claims against the entity that employs the officials.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*

Judge Pew and Judge Bright both serve as judges on the Philadelphia County Court of Common Pleas.  The Philadelphia County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment).  As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, any claims alleged by Hart against Judge Pew and Judge Bright in their official capacities would be barred by the Eleventh Amendment.[4]

Moreover, with respect to the remaining Defendants, nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference.  Accordingly, because Hart has not

---

[4] Moreover, to the extent that Hart's claims against Judge Pew and Judge Bright would be based on acts they took in their judicial capacity while presiding over the criminal matter in which Hart is a defendant, any such claims would lack a legal basis because Judge Pew and Judge Bright would be entitled to absolute immunity from those claims.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

stated a plausible basis for a claim against any municipal entity, his official capacity claims against the remaining named Defendants would not be plausible. [5]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Hart leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will allow Hart to file an amended complaint within thirty days if he can state a plausible claim against an appropriate defendant or defendants.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[5] Furthermore, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Accordingly, to the extent that Hart's damages claims against ADAs Goddard and Fischer are based on acts they took while pursing criminal charges against him, any such claims would lack a legal basis because the ADAs would be entitled to absolute immunity.