IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE HART, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-3533 |
| : | |
| D.F. OBERLANDER, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                                                                          **JANUARY 11 , 2021**

In a prior Memorandum and Order entered on August 19, 2020, the Court granted *pro se* Plaintiff Willie Hart leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice, and granted him leave to file an amended complaint. Hart filed his Amended Complaint on November 17, 2020. For the following reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.      FACTUAL ALLEGATIONS**

The Amended Complaint filed by Hart raises constitutional claims pursuant to 42 U.S.C. § 1983 against the following Defendants in their individual capacities: Judge Gwendolyn N. Bright, Judge Wendy L. Pew, Assistant District Attorney Megan Goddard, Assistant District Attorney Elizabeth Fischer, Detective Peter Marrero, Officer Justin P. Rios, and Dr. Barry Zachary. (ECF No. 11 at 3-4.)[1] Hart's Amended Complaint alleges violations of the "4th, 5th and 6th Amendments" as well as a violation of his "speedy trial rights." (*Id.* at 4.) Hart further asserts claims of "judge shopping, prosecutorial misconduct, constructure and plain errors and matter of jurisdiction, perjury." (*Id.*) Hart avers that the events giving rise to his claims occurred

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

in his home and in the courtroom, listing several dates from October 13, 2013 through September 22, 2017.  (*Id.* at 5-6.)  Hart contends that he "receiv[ed] no justice according to federal and state statutory laws" and asserts that Pennsylvania Superior Court judges agreed with the trial judge's "false and perjured proceedings."  (*Id.*)  Hart asserts that he is in prison illegally and has been "waiting for justice from the time of" his arrest, conviction, and sentencing.  (*Id.* at 6, 7, 9.)  He seeks compensatory damages.

A lengthy letter dated September 24, 2020 is attached as an exhibit to the Amended Complaint.  (ECF No. 11-1.)  In the letter, Hart identifies claims of false arrest, malicious prosecution, and warrantless search stemming from an arrest in his home on October 13, 2013.  (*Id.* at 1-2.)  Hart avers that the convictions stemming from this arrest have not been invalidated because of the "injustice and violations of federal and statutory laws by the defendants."  (*Id.* at 2, 24.)  Throughout this letter, Hart asserts several factual allegations in an effort to substantiate his beliefs that errors were committed at all phases of his criminal prosecution, including, *inter alia*, an arrest made without probable cause, prosecutorial misconduct during grand jury proceedings, false and perjured evidence used against him at arraignment and trial, ineffective assistance of counsel, and presentation and reliance upon a defective presentence investigation report which led to an improper sentence.  (*See, e.g.* ECF No. 11-1 at 7, 10, 11-12, 15-17, 21-22, 27-27, 31-33, 44-45.)

Following the filing of his Amended Complaint, Hart filed an additional letter, also dated September 24, 2020, wherein he continues to assert claims of malicious prosecution.  (ECF No. 12 at 1-2.)  In so doing, Hart also sets forth argument as to why the defendant judges he names in the Amended Complaint should not be entitled to immunity.  (*Id.* at 1-7.)  Hart further asserts

that the charges against him should have been discharged in 2014 following his filing of a speedy trial motion pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure. (*Id.* at 9.)

Public dockets from the Court of Common Pleas of Philadelphia County reflect that on October 12, 2013, Hart was arrested by the Philadelphia Police Department on charges of rape, sexual assault, incest, indecent exposure, indecent assault, simple assault, and recklessly endangering another person. *See Commonwealth v. Hart*, Docket No. CP-51-CR-0013669-2013 (C.P. Phila.). The initial issuing authority was the Honorable Wendy L. Pew. (*Id.*) On May 19, 2015, following a trial before the Honorable Gwendolyn N. Bright, Hart was convicted of all charges, with the exception of reckless endangerment. (*Id.*) Hart's convictions have not been vacated or invalidated. (*Id.*)

On January 8, 2016, Hart was sentenced to a minimum of twenty-five to a maximum of fifty years imprisonment for the rape conviction, which was to be served consecutively to a five to ten years imprisonment sentence for the incest conviction. (*Id.*) It appears from the state court docket that Hart was resentenced on September 22, 2017, which resulted in his sentence being reduced to nine to eighteen years imprisonment on the rape conviction. (*Id.*) The sentence for the incest conviction (five to ten years imprisonment) was unchanged and was to be served consecutively to the rape conviction. (*Id.*) On October 1, 2019, the state court docket notes that the sentence imposed on September 22, 2017 was to stand, except that Hart was determined to be a non-sexually violent predator. (*Id.*)

## II.     STANDARD OF REVIEW

Because Hart has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Amended Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim

under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

### III. DISCUSSION

The Court previously dismissed Hart's initial Complaint because it did not specifically attribute conduct to any individual defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). Because Hart's initial Complaint failed to set forth any allegations describing how any specific individuals were personally responsible for any alleged constitutional violations, the Court dismissed the Complaint without prejudice to amendment. In so doing, however, the Court noted that to the extent Hart was pursuing claims for false arrest and/or malicious prosecution, those claims would be subject to dismissal.

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Based on the allegations set forth in the Amended Complaint, it now appears clear to the Court that Hart bases his § 1983 claims on assertions that he was falsely arrested in October 2013 and improperly convicted and sentenced as a result of numerous errors made during the criminal prosecution resulting from the October 2013 arrest. (ECF No. 11 at 4-7.) According to the letter that accompanies his Amended Complaint, Hart avers that errors were committed during several phases of his criminal prosecution, including, *inter alia*, an arrest made without probable cause, prosecutorial misconduct during grand jury proceedings, false and perjured evidence used against him at arraignment and trial, ineffective assistance of counsel, and presentation and reliance upon a defective presentence investigation report which led to an improper sentence. (*See, e.g.* ECF No. 11-1 at 7, 10, 11-12, 15-17, 21-22, 27-27, 31-33, 44-45.) Hart clearly avers that the events giving rise to his claims occurred between October 13, 2013 and September 22, 2017. (ECF No. 11 at 5-6.)

    **A. Malicious Prosecution/Unconstitutional Conviction Claims**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  The United States Court of Appeals for the Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005).

*Heck* does not bar all Fourth Amendment claims.  *Heck*, 512 U.S. at 487 n. 7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action [i.e., a suit for damages attributable to an allegedly unreasonable search], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.") (citations omitted).  "*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful.'" *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223-24 (3d Cir. 2016) (quoting *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998)).  *Heck* "requires District Courts to determine whether each claim — if successful — would imply the invalidity of the conviction or sentence." *Id.* at 224 (quoting *Gibson v.*

6

*Superintendent*, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether *Heck* applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry)).

Hart bases the vast majority of his § 1983 claim on allegations that he was improperly convicted and sentenced as a result of errors made during the criminal prosecution resulting from his October 2013 arrest. (ECF No. 11 at 4-7.) Accordingly, his malicious prosecution and unconstitutional conviction claims clearly implicate the validity of his conviction and are barred by *Heck*. *See e.g. McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Nash v. Kenney*, No. 19-1256, 2019 WL 4071946, at *2 (3d Cir. Aug. 29, 2019) (per curiam) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of [*Heck*].").

Moreover, to the extent that Hart claims that he was unconstitutionally convicted of certain offenses and, by extension, unconstitutionally subjected to the requirements of Megan's law, success on his claims would necessarily imply the invalidity of his convictions, which have never been reversed, vacated, or otherwise invalidated. *See Johnson v. Davis*, Civ. A. No. 98-4380, 1999 WL 58643, at *2 (E.D. Pa. Jan. 28, 1999) ("To award damages to Johnson based on a ruling that the Megan's Law was illegally applied to him would necessarily imply that his underlying assault conviction, which formed the basis for applying Megan's Law to him, was invalid."). As evidenced by the docket in Hart's criminal case, the portion of his sentence requiring him to comply with Megan's law is still intact. *Commonwealth v. Hart*, CP-51-CR-0013669-2013 (C.P. Phila.). There is, however, one aspect of Hart's challenge to his sentence that is not *Heck*-barred. As noted above, only one aspect of Hart's sentence was vacated,

namely, *i.e.*, his designation as a sexually violent predator.[2] <u>Commonwealth v. Hart</u>, No. 3643 EDA 2017, 2019 WL 1500128, at *2 (Pa. Super. Ct. Apr. 4, 2019) ("In light of *Muniz* and *Butler*, Hart's SVP status constitutes an illegal sentence."). However, Hart's claims based on this aspect of his sentence are raised against Judge Bright, who is entitled to absolute judicial immunity from those claims. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction);[3] *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

*Heck* bars Hart's malicious prosecution and unconstitutional conviction claims since he was convicted of the charges stemming from the allegedly illegal arrest, that conviction has not been overturned, and his success on the claim would render that conviction invalid. Although Hart's challenge to his prior designation as a sexually violent predator is not so barred, this claim is barred by absolute judicial immunity. Accordingly, these claims are dismissed without

---

[2] It is not clear that Hart is raising claims implicated by his resentencing on September 22, 2017 that are not *Heck*-barred. Any such claims would, however, be time-barred, because they would have accrued on the date of resentencing and would be subject to a two-year statute of limitations. *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 489)); *see infra*. § III.B.

[3] An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

prejudice and with leave for Hart to reassert the claims if his conviction is ever overturned or otherwise invalidated.[4]

### B. False Arrest Claim

As noted above, *Heck* does not bar all Fourth Amendment claims. Indeed, claims for false arrest are not necessarily among those contemplated by *Heck*. *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (noting that "[b]ecause a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, . . . [plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence."). However, Hart's claims pursuant to 42 U.S.C. § 1983 for constitutional violations stemming from his October 2013 arrest are time-barred. Pennsylvania's two-year statute of limitations period applies to these types of § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). The limitations period governing claims related to searches and seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City*

---

[4] The Court notes that to the extent that Hart's claims against Judge Pew would be based on acts she took in her judicial capacity while presiding over his criminal matter, any such claims would lack a legal basis because Judge Pew would also be entitled to absolute immunity from those claims. *Stump*, 435 U.S. at 355-56 (1978).

Moreover, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Accordingly, to the extent that Hart's damages claims against ADAs Goddard and Fischer would be based on acts they took while pursing criminal charges against him, any such claims would lack a legal basis because the ADAs would be entitled to absolute immunity.

*of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam).  The limitations period governing claims of false arrest without a warrant accrues at the time litigant became detained pursuant to legal process.  *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.")

The public docket reflects that Hart was arrested on October 12, 2013.  *See Commonwealth v. Hart*, Docket No. CP-51-CR-0013669-2013 (Phila. Cty. Court of Common Pleas).  The state court docket also reflects that an information was filed on November 8, 2013 holding the charges for court.  (*Id.*)  According to the date of signature on his initial Complaint, Hart initiated this civil action on June 29, 2020.[5]  (ECF No. 1 at 2-4.)  Because the allegations in the Amended Complaint clearly demonstrate that Hart was aware of the events giving rise to his claims more than two years before he filed this lawsuit (i.e. when the alleged illegal arrest occurred on October 12, 2013 and when charges were formally filed on November 8, 2013), any claims based on an alleged false arrest will be dismissed with prejudice as time-barred.

---

[5] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  So, June 29, 2020 is the earliest date Hart could have filed this case.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Hart's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Hart's claims for false arrest and his claims against Judge Bright for sentencing him as a sexually violent predator will be dismissed with prejudice.  The dismissal of Hart's remaining claims will be without prejudice to Hart filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**